S. A. SHY, Respondent, v. GUS RICHARDS, etc., Appellant.

St. Louis Court of Appeals, April 18, 1899.

City Ordinance: IMPOUNDING STRAY HOGS: PENAL REPLEVIN. The ordinance, in the case at bar, is penal in its nature; its plain language hinges the right of the officer to demand the prescribed fees for the apprehension of straying swine belonging to a nonresident, upon proof either of written notice to the owner, or that the animals in question have been impounded before. Held, that in the absence of any evidence of compliance with either of these requirements of the ordinance the trial court should have directed a verdict for plaintiff.

*Appeal from the New Madrid Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

ROBERT RUTLEDGE for appellant.

The court erred in refusing appellant's instructions as offered. They clearly state the law as approved and set down by this court and the supreme court and were fully supported by the ordinance read in evidence and the testimony of the plaintiff himself as well as the defendant. Spitler v. Young, 63 Mo. 42; Sherrell v. Murray, 49 Mo. App. 233. * * * The marshal certainly complied with the provisions and requirements of the ordinances; and no written notice was necessary. The fact that he resided out of the city, and there was no stock law in the county, did not alter the case. The ordinance could not be held to prevent a citizen from turning his stock out in the lanes and upon uninclosed lands in the country, beyond the limits of the city, and there was no such contention. "The ordinances of the city can have no extra-territorial force, but property coming within the territorial limits of the corporation come under its authority." Spitler v. Young, 63 Mo. 42; Vale v. Railway, 28 Mo. App. 372; Sherrell v. Murray, 49 Mo. App. 233.

J. V. CONRAN for respondent.

The question whether plaintiff had such notice as contemplated in the ordinance, or such swine had been impounded before, was a question for the jury, and one which the court submitted to the jury in its second instruction, but as the court also submitted the question whether the city had authority to pass such an ordinance in its first instruction, of its own motion, we can not tell upon which fact the jury

found for the plaintiff, and when the trial court has committed manifest error, of its own motion, and over the objection of counsel, this court will always reverse the cause without looking to the evidence, and especially should it do so in this case, where plaintiff does not contend that these hogs were not in the pound before, but admits that a number of the twenty-odd head were, and the notice if it had been given could not possibly have imparted more knowledge to him than he already possessed. In support of this motion and this statement we submit the following decisions, and again submit the judgment ought to be reversed. Able v. Justus, 60 Mo. App. 300; Egerman v. Bank, 84 Mo. 408; Roan v. Winn, 93 Mo. 503; Drey v. Dagle, 99 Mo. 459; Lumber & Mfg. Co. v. East Portland, 6 L. R. A. 290; Crowder v. Sullivan, 13 L. R. A. 647; Reed v. Madison, 17 L. R. A. 733; Shields v. Durham, 36 L. R. A. 293; St. Louis v. Flynn, 128 Mo. 413.

BOND, J.—Plaintiff lived about two miles from the city of New Madrid. His hogs were not kept confined, as there was no stock law in that county. Five of them strayed into the town and were impounded by the city marshal. Plaintiff refused to pay the charges demanded and replevied the hogs. Defendant set up a seizure under an ordinance of the town and the refusal of plaintiff to pay the charges prescribed therein as a justification for his detention of the animals. Plaintiff had judgment before the justice and likewise on appeal in the circuit court. Defendant appealed to this court.

The ordinance under which the defendant claimed a right to hold the property of plaintiff made it his duty to impound any swine straying in the limits of the city of New Madrid, and fixes the charges which he is entitled to receive under the release of the animals to the owner but with reference to the swine of nonresidents of the town the ordinance expressly requires that written notice shall be given to

the owner, or it shall be shown that the animals in question have been previously impounded before the officer can demand any fees or charges for the release of the animals. It was admitted by defendant that the hogs in controversy belonged to plaintiff and that no written notice had been given of their seizure. There is no evidence in the record that these particular hogs had been impounded previously. As the ordinance relied on by defendant was an affirmative defense, the burden of proving his right to demand the charges therein specified rested upon defendant. Touching the point under consideration defendant testified: "They were his hogs. I could not state that these hogs were ever in town before. I never notified him in writing," adding that he demanded the charges prescribed in the ordinance. The ordinance in question is penal in its nature, and can not be extended by construction beyond the meaning of the terms employed. Its plain language hinges the right of the officer to demand the prescribed fees for the apprehension of straying swine belonging to a nonresident, upon proof either of written notice to the owner, or that the

ORDINANCE, penal.

animals in question have "been impounded before." As the defendant gave no evidence of either of these requirements of the ordinance, the court should have directed a verdict for plaintiff, who was the admitted owner. It is therefore wholly unnecessary to pass on the instructions given and refused. The judgment for plaintiff being the only one legally recoverable under the facts of the record, is affirmed. All concur.